**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

DOMINIC CASTLEBERRY,

    *Plaintiff*,                                  CASE NO. 10-11166

v.                                          DISTRICT JUDGE THOMAS LUDINGTON
                                            MAGISTRATE JUDGE CHARLES BINDER

CHASE BANK, USA NA,
TRANS UNION, LLC,
EQUIFAX INFORMATION SERVICES, LLC,

    *Defendants;*

CHASE BANK, USA NA,

    *Counter-Plaintiff,*

v.

DOMINIC CASTLEBERRY,

    *Counter-Defendant.*
_____/

**ORDER ON PLAINTIFF'S MOTION TO
VACATE CLERK'S ENTRY OF DEFAULT**
(Doc. 24)

This order is entered under the authority given to this Magistrate Judge by an Order of Reference issued by U.S. District Judge Thomas L. Ludington pursuant to 28 U.S.C. § 636(b).

**I.**     **INTRODUCTION**

The Complaint in this matter was filed on March 23, 2010, alleging that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, in connection with two of Plaintiff's Chase credit card accounts. On May 18, 2010, Defendant Chase Bank USA, N.A. (hereafter "Chase") filed an answer to the complaint and a counterclaim for the unpaid

balances on the two credit card accounts. (Doc. 17.) Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure provides that "[a] party must serve an answer to a counterclaim . . . within 21 days after being served with the pleading that states the counterclaim . . . ." Plaintiff/Counter-Defendant Castleberry (hereafter "Castleberry") failed to file an answer to the counterclaim. On June 21, 2010, Chase requested that a Clerk's Entry of Default be entered against Castleberry pursuant to Rule 55(a). (Doc. 20.) On June 22, 2010, the default was entered. (Doc. 22.) Three weeks later, on July 13, 2010, the instant motion to vacate the default was filed by Castleberry. (Doc. 24.) Chase filed a response in opposition to the motion (Doc. 28), and Castleberry filed a reply. (Doc. 30.) Having considered the briefs submitted by the parties, the Court is satisfied that it would not be assisted by oral argument on the motion. Therefore, in accordance with local rules, the motion is submitted. E.D. Mich. LR 7.1(f)(2).

## II.     ANALYSIS & CONCLUSIONS

### A.     Standard for Setting Aside a Clerk's Entry of Default

Under Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause . . . ." When considering whether good cause exists in this case, the court is to consider three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010). These factors control regardless of whether the defendant is seeking to set aside an entry default under Rule 55(c) or a default judgment under Rule 60(b), but the standard is applied more leniently in

the Rule 55(c) context. *See Krowtoh II LLC v. ExCelsius Int'l Ltd.*, 330 Fed. App'x 530, 535 (6th Cir. 2009); *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002).

All factors are to be considered, but "when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a wilful failure of the moving party to appear and plead.'" *Id.* (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir. 1986)). Courts are to be mindful that "[t]rials on the merits are favored in federal courts . . . ." *United Coin Meter Company, Inc. v. Seaboard Coastline RR*, 705 F.2d 839, 846 (6th Cir. 1983).

**B.     Analysis**

**1.     Culpable Conduct**

As to the first factor, for a party's actions to constitute culpable conduct, the party must have "display[ed] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings,' rather than negligent conduct." *Krowtoh II LLC v. ExCelsius Intern, Ltd*, 330 Fed. App'x 530, 536 (6th Cir. 2009).

Castleberry's explanation for his failure to file a timely answer to the counterclaim is that, in April 2010, when he stipulated to an extension of time for Chase to file its answer to the original complaint (*see* Stipulated Order Extending Time, Doc. 9), he made a verbal agreement with counsel for Chase that, if Chase filed a counterclaim, he would have as much time to answer the counterclaim as Chase had to answer the original complaint. (Mot., Doc. 24 at 3.)

Counsel for Chase responds that he has no recollection of discussing such an extension, let alone agreeing to one, and has submitted a declaration so stating. (Doc. 28 at 4; Decl. of M. Mitchell, Doc. 28 at Ex. 1.) Furthermore, counsel states that he has searched his e-mail

3

correspondence with regard to this case and found no correspondence written by either him or Castleberry that mentioned such an extension. (*Id.*)

In determining whether Castleberry showed a "reckless disregard for the effect of [his] conduct," the Court first notes that, even if the conversation and agreement cited by Castleberry took place, he nevertheless failed to follow through and submit a stipulation to the Court so that the extension of time could be granted by the Court and placed upon the docket. Although Castleberry is proceeding *pro se*, he is not unfamiliar with this Court and its procedures and deadlines. The Court's docket shows that he has filed seven lawsuits in this district in the past four years, and in any event a party's *pro se* status does not allow that party to disregard the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Under the facts of this case, while I find that Castleberry's failure to file a stipulation or a motion for extension of time shows something less than diligent attention to the litigation that he initiated, I am unable to find that it rises to the level of reckless disregard or culpable conduct. Therefore, this factor weighs in favor of granting the motion to vacate the default.

**2. Meritorious Defense**

Under the second factor, the defendant must "state a defense good at law, which is sufficient if it contains even a hint of suggestion which, proven at trial, would constitute a complete defense." *Thompson v. Am. Home Assurance Co.,* 95 F.3d 429, 434 (6th Cir. 1996). The test is not whether the defendant will win at trial but "rather whether the facts alleged by the defendant would constitute a meritorious defense if true." *In Re Park Nursing Ctr., Inc. v.*

*Creditors Comm. of Park Nursing Ctr., Inc.,* 766 F.2d 261, 264 (6th Cir. 1985). A "blanket denial of the allegations of the complaint, without more, cannot even hint at a valid defense at law." *American Express Travel Related Servs. Co., Inc. v. Tangredi*, No. 3:08-1141, 2010 WL 1426915, at *6 (M.D. Tenn. Apr. 8, 2010). However, simply reciting defenses recognized by law, e.g., failure to state a claim upon which relief can be granted, breach of contract, etc., is sufficient. *Amari v. Spillan*, No. 2:08-cv-829, 2009 WL 5216042, at *4 (S.D. Ohio Dec. 29, 2009). *See also Black v. United States*, No. 5:09-CV-51-KKC, 2009 WL 3788922, at *2 (E.D. Ky. Nov. 12, 2009) (defendant's contention that her care met the standard of care and was not responsible for plaintiff's injuries in medical malpractice case was sufficient to state a meritorious defense).

Here, Castleberry asserts the following meritorious defenses: failure to state a claim upon which relief can be granted, lack of personal jurisdiction, no evidence that a contractual agreement existed, lack of privity, waiver. (Doc. 30 at 6.) I conclude that these assertions adequately meet the low water mark required under this factor and weigh in favor of granting the motion to set the default aside.

**3.     Prejudice**

Under the third factor, "delay alone is not a sufficient basis for establishing prejudice." *Berthelson v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). The "setting aside of a default must 'result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion' in order to be deemed prejudicial." *Southern Elec. Health Fund v. Bedrock Services*, 146 Fed. App'x 772, 778 (6th Cir. 2005) (quoting *Thompson v. Am. Home Assurance Co.,* 95 F.3d 429, 433-34 (6th Cir. 1996)). Counsel for Chase has not asserted that any

5

tangible harm will occur if the default is set aside; thus, this factor also weighs in favor of granting the motion.

**4. Conclusion**

Because all three factors weigh in favor of granting the motion, the default will be vacated.

**III. ORDER**

Accordingly, **IT IS ORDERED** that Castleberry's Motion to Vacate Clerk's Entry of Default is **GRANTED.**

**IV. REVIEW**

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

　　　　　　　　　　　　　　　　　　　s/ Charles E Binder
　　　　　　　　　　　　　　　　　　　CHARLES E. BINDER
Dated: September 13, 2010　　　　　　　United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Notice was electronically filed this date, electronically served on Joseph Hickey, Laura Baucus, Matthew Mitchell, Brian Nettleingham, and William Brown; and served by first class mail on Dominic Castleberry at 502 Nimons St., Saginaw, MI, 48601-4338.

Date: September 13, 2010　　　　　By　　s/Jean L. Broucek
　　　　　　　　　　　　　　　　　　Case Manager to Magistrate Judge Binder